LOUIS SCHEPPS, Respondent, *v.* MARK M. KONSKI, Appellant.
SAMUEL SHANFIELD, Respondent, *v.* MARK M. KONSKI, Appellant.

First Department, October 20, 1922.

References — action to recover commissions for managing defendant's business — order directing trial by referee reversed — defendant not obliged to prove correctness of his books — no examination of long account involved — burden on plaintiffs to prove commissions due — plaintiffs should examine defendant before trial and require production of books.

In an action to recover additional commissions for conducting defendant's business, an order directing trial by a referee should be reversed, where it appears that the plaintiffs, after accepting payment without question, now claim that the defendant has not accounted for all moneys received upon

which a commission was due, as the defendant is not obliged to prove each item in his account books, and hence the examination of a long account is not involved, the burden being on the plaintiffs to prove any commissions due.

*It seems,* that the proper course would be to examine the defendant before trial and require him to produce his books.

APPEAL by the defendant, Mark M. Konski, in each of the above-entitled actions from an order of the Supreme Court, made in each action at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of June, 1922, directing that each action be tried by a referee.

*Abraham M. Pariser,* for the appellant.

*Mirabeau L. Towns,* for the respondents.

PAGE, J.:

The plaintiffs in these two actions were employees of the defendant on a salary and commission basis, and during the year 1918, while the defendant was absent from the city on account of ill health, managed the business in association with defendant's brother-in-law. At the end of the year 1918 these three took an inventory of the business, and the books were audited by certified public accountants, the amount due the plaintiffs was fixed at $2,350 to Shanfield and $1,175 to Schepps and paid. The amount was accepted and no questions raised as to the correctness of the amount, although plaintiffs remained in the defendant's employ for more than two years. On April 7, 1921, the two plaintiffs and the brother-in-law incorporated a company and engaged in business in competition with the defendant, and two months thereafter commenced these actions to recover $11,050 for Shanfield and $5,525 for Schepps, on the claim as asserted in the affidavits that defendant collected certain money and put it in his pocket.

The plaintiffs' counsel is laboring under the delusion that the defendant must prove each item that entered into his books of account, and hence the examination of a long account is involved. On the contrary, the burden is on the plaintiffs to prove that the commission which they accepted was not correct. They will have to establish that more was due them. The proper course would be for the plaintiffs to examine the defendant before trial, requiring him to produce his books, and then in concrete form present the evidence of specific amounts that were omitted from the accounts.

The orders should be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.